UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KAYRON JACKSON,

        Plaintiff,

v.

G. INGA, *et al.*,

        Defendants.

Civil Action No. 18-12215 (JMV/MF)

**OPINION**

**VAZQUEZ, District Judge:**

**I.    INTRODUCTION**

Plaintiff Kayron Jackson, proceeding *pro se*, seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On August 3, 2018, the Court administratively terminated this action because Plaintiff failed to submit a certified account statement with his *in forma pauperis* ("IFP") application. (ECF No. 2.) On September 6, 2018, Plaintiff submitted a revised IFP application which includes the required certification.[1] (ECF No. 3.) The Court will grant Plaintiff's application to proceed IFP in light of the substantive information contained therein.

At this time, the Court must review Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a

---

[1] By way of that filing, Plaintiff also provided the Court with an updated mailing address. (*See* ECF No. 3 at PageID: 17.)

defendant who is immune from such relief. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

## II. BACKGROUND

The factual allegations in Plaintiff's Complaint are construed as true for purposes of this Opinion. Plaintiff names the following Defendants: (1) G. Inga, a police officer with the Mount Olive Police Department; and (2) S. Osaibovo, a detective with the Morris County Prosecutor's Office. (ECF No. 1 at Page ID: 4.) Plaintiff's Complaint appears to arise solely out of the actions of these Defendants during, and subsequent to, the May 7, 2017 arrest of a third-party, Dana Rost. (*Id.*) Plaintiff alleges that Officer Inga "knowingly fabricate[d] information pertaining to [that] arrest and that Detective Osaibovo "knowingly conspire[d] with [Officer Inga] to fabricate information pertaining to [that] arrest . . . ." (*Id.*) Plaintiff claims that Defendants falsely stated that Ms. Rost had ten "folds" of heroin on her person on May 7th, even though both Defendants knew that this was not true. (*See id.* at PageID: 4-7.) Plaintiff further alleges that Defendants thereafter falsified documents and fabricated other evidence to further substantiate this falsehood. (*Id.*) Plaintiff has not provided any facts which show how these actions, even if true, impacted him personally. (*See id.*) Plaintiff has likewise failed to explain what his relationship to Ms. Rost is. (*Id.*) Indeed, Plaintiff has not provided the Court with any information or additional context on why he has filed a pleading in federal court which arises solely out of the alleged harm Defendants caused to Ms. Rost.

## III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks

2

redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the Court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint may also be dismissed for failure to state a claim if it appears "'that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 521 (quoting *Conley*

*v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).).

IV. ANALYSIS

Plaintiff apparently brings his claims pursuant to 42 U.S.C. § 1983 for the harm inflicted upon Ms. Rost. All of the allegations detailed in Plaintiff's Complaint arise from Defendants' actions towards a third-party, Dana Rost, and speak only to the resulting harm to Ms. Rost. It therefore appears that Plaintiff has brought this lawsuit on behalf of Ms. Rost and seeks redress for the harm suffered by Ms. Rost.

Plaintiff, as a non-attorney proceeding *pro se*, may not represent Ms. Rost in this Court. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). In other words, Plaintiff does not have standing to assert claims on behalf of Ms. Rost for the injuries inflicted upon her. *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)). Because the only claims raised in Plaintiff's Complaint are asserted on behalf of Ms. Rost, and because Plaintiff, as a non-attorney proceeding *pro se*, is precluded from pursuing claims on that third-party's behalf, the Court will dismiss without prejudice Plaintiff's Complaint, in its entirety, for failure to state a

4

claim upon which relief can be granted.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint will be dismissed without prejudice. Plaintiff shall be given the opportunity to file a proposed amended complaint, should he elect to do so, that shall also be subject to screening, to give him an opportunity to assert any potential claims as to himself.[2] An appropriate Order accompanies this Opinion.

Date: September 24, 2018           s/ John Michael Vazquez
At Newark, New Jersey           JOHN MICHAEL VAZQUEZ
          United States District Judge

---

[2] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Wright & Miller, *supra*, at § 1476.